# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY J. LUGO, | CV F   04 5257 OWW SMS P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.) |
| SCHWARZENEGGER, | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. | |

Henry J. Lugo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The instant action was filed on February 10, 2004, and names Governor Schwarzenegger as the sole Defendant in the action.[1]

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] Although the Complaint alleges that CDC Staff and Officers have violated certain rules and regulations, no specific individuals other than Governor Schwarzenegger have been named as Defendants.

1

1  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
4  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
5  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
6  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

   A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
complaint under this standard, the court must accept as true the allegations of the complaint in
question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

   In his Complaint, Plaintiff alleges that his appeals have not been properly responded to,
that his incoming and outgoing mail have been interfered with, and that he is only being given
limited access to the law library.

**C. CLAIMS FOR RELIEF**'

   *1. Linkage Requirement*

   The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between
the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

2

1  Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
2  (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
3  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates
4  in another's affirmative acts or omits to perform an act which he is legally required to do that
5  causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th
6  Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named
7  defendant with some affirmative act or omission that demonstrates a violation of plaintiff's
8  federal rights.

       *2. 11th Amendment*

       Plaintiff names Governor Arnold Schwarzenegger as Defendant because he is responsible for the welfare of inmates.

       The Eleventh Amendment bars damages actions against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). Therefore, any claim for relief against defendant Davis in his official capacity is barred. However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir. 1997), cert. denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law. See Kentucky v. Graham, 473 U.S. 159, 165 (1988).

       Plaintiff may not sue Defendant Schwarzenegger in his personal capacity under section 1983 pursuant to a theory of *respondeat superior.* Rather, the causal link between Defendant Schwarzenegger and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Plaintiff must allege facts that would support a claim that Defendant Schwarzenegger either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or

1  "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights'
2  and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646
3  (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).
4  Although federal pleading standards are broad, some facts must be alleged to support claims
5  under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168
6  (1993).

7       Plaintiff has not alleged any facts that would support a claim that Defendant
8  Schwarzenegger personally participated in the alleged deprivation of constitutional rights; knew
9  of the violations and failed to act to prevent them; or promulgated or "implemented a policy so
10 deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force
11 of the constitutional violation.'" Hansen v. Black at 646. For this reason, Plaintiff fails to state a
12 claim for relief against Defendant Schwarzenegger.

13     ***3. Mail Interference***

14      A prison inmate retains those First Amendment rights not inconsistent with his status as a
15 prisoner or the legitimate penological objectives of the correctional system. Thus, a prison
16 official's interference with an inmate's mail may be challenged when such interference is not
17 reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89
18 (1987); Pell v. Procunier, 417 U.S. 817, 822 (1974). As a general proposition, prison officials
19 have an obligation to post outgoing mail and to deliver incoming mail promptly. See, e.g.,
20 Nicholson v. Choctaw County, 498 F. Supp. 295 (S.D. Ala. 1980). Nevertheless, delays
21 sometimes occur, and mail is occasionally lost; these delays and losses are not unconstitutional
22 unless they occur as a result of a systematic breakdown in the prison mail system or as a result of
23 either intentional interference with a prisoner's mail rights or deliberate indifference to those
24 rights. Grady v. Wilen, 735 F.2d 303 (8th Cir. 1984); Armstrong v. Lane, 771 F. Supp. 943 (C.D.
25 Ill. 1991) (unintentional losses and delays of plaintiff's mail, "while understandably frustrating ⋯
26 fail to rise to the level of a constitutional violation").

27      Plaintiff states that he corresponds with over 100 people on a monthly basis and only
28 receives approximately three to four letters per day and only eight letters all year (4 months),

4

mostly from Europe.  Based on this, Plaintiff concludes that his that his mail gets "over-censored, delayed and lost." (Complaint at 2.)   Plaintiff's allegations, however, are insufficient to give rise to a federal constitutional violation.  Further, Plaintiff fails to link any named Defendant to an act or omission and thus, his allegations fail to state a claim on that basis as well.

    *4.  Inmate Appeals*

Plaintiff states that of his last fifty (50) 602's filed, "only a dozen have been properly responded to." (Complaint at 1.)

There is no constitutional right to an inmate appeals process.  The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  See also,  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment").  A failure to process a grievance does not state a constitutional violation. Buckley, supra.  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

Accordingly, based on the above, Plaintiff fails to state a cognizable claim concerning his inmate appeals.

    *5.  Law Library Access*

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil

1  rights actions.  Id. at 354.  The State is not required to enable the inmate to discover grievances
2  or to litigate effectively once in court.  Id.

3  Inmates do not have the right to a law library or legal assistance.  Id. at 351.  Law libraries
4  and legal assistance programs are only the means of ensuring access to the courts.  Id.  Because
5  inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate
6  cannot establish relevant actual injury by establishing that his prison's law library or legal
7  assistance program is subpar in some theoretical sense."  Id.  Rather, an inmate claiming
8  interference with or denial of access to the courts must show that he suffered an actual injury.  Id.

9  Here, Plaintiff complains that his access to the law library is limited to just an hour four
10 times in four months.  (Complaint at 3.)  Plaintiff alleges this is inadequate.  Plaintiff also
11 complains that the law library does not have the appropriate forms he needs and that the law
12 librarian refuses to make copies of Plaintiff's legal work.  Id.  Plaintiff's allegations fails to state
13 a cognizable claim for relief.

14 ***6. Exhibits***

15 The Court notes further that Plaintiff has submitted two hundred sixty eight (268) pages
16 of exhibits.  Plaintiff is informed that it is inappropriate to attach exhibits to a complaint.  See
17 Rule 8, Federal Rules of Civil Procedure.  Further, the Court cannot serve as a repository for the
18 parties' evidence.  Originals or copies of evidence (i.e., prison or medical records, witness
19 affidavits, etc.) should not be submitted until the course of litigation brings the evidence into
20 question (for example, on a motion for summary judgment, at trial, or when requested by the
21 court).  At this point, the submission of evidence is premature as the Plaintiff is only required to
22 state a prima facie claim for relief.  Accordingly, the Court will direct the Clerk of Court to return
23 the documents to Plaintiff for safekeeping until such time as review by the Court is necessary.

24 Finally, Plaintiff is reminded of the requirements of Rule 8 of the Federal Rules of Civil
25 Procedure which requires "short and plain statement of the claim showing that the pleader is
26 entitled to relief."  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need
27 only give the opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
28 Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely

upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

**D. CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

      a.    File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

      b.    Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:**   **July 26, 2006**                     /s/ Sandra M. Snyder
icido3                                       UNITED STATES MAGISTRATE JUDGE